IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GABRIEL EMILIO CUAUHTLI, §
(TDCJ No. 1237765) §
VS. § CIVIL ACTION NO.4:07-CV-151-Y
 §
 §
GREG MILLER, ET AL. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Gabriel Emilio Cuauhtli's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Cuauhtli, a prisoner housed at the Texas Department of Criminal Justice's Powledge unit, filed a civil-rights complaint under 42 U.S.C. § 1983 with an attachment, naming as defendants Greg Miller, assistant district attorney; James E. King, director, J.P.Morgan Chase; and private attorney Kathy Lowthorp. (Compl. Style; § IV(B).) Plaintiff alleges that all defendants engaged in a conspiracy to deprive him of his constitutional rights. (Compl. § IV(B); § V attachment page 4(a).) He alleges that the defendants accused him of the kidnaping and murder of his daughter, caused his arrest and imprisonment, placed him on trial, tampered with evidence, coerced him into a plea bargain agreement and then breached the plea bargain agreement, and subjected him to slander and defamation of character. (Compl. § V, attachment page 4(a).) Plaintiff seeks monetary damages, including monetary damages for each day of his incarceration. (Compl. § V, attachment page 4(b); § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Cuauhtli's claims must be dismissed.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6] As to Cuauhtli's allegations against attorney Lowthorp, he has failed to satisfy the second element. Cuauhtli has failed to show that Lowthorp, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[7]

Furthermore, Plaintiff has made no allegation that J.P. Morgan Chase director James E. King was acting on behalf of the government. Plaintiff alleges that these private individuals acted in a conspiracy with the prosecutor, but he states only conclusions about the existence of a conspiracy, without providing any objective facts in support. Such allegations do not support a claim that Lowthorp and King acted under color of law.[8] Thus, any claim for violation

---

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[7] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[8] *See generally Brinkman v. Johnson,* 793 F.2d 111, 113 (5th Cir. 1986).

In § 1983 cases, our Court requires that the "claimant ... state specific facts, not merely conclusory allegations." *Hale,* 786 F.2d at 690 (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244

of his constitutional rights asserted through 42 U.S.C. § 1983 against these individual defendants must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

The balance of Cuauhtli's claims must be dismissed as a matter of law for other reasons. Although the Court will also subject Plaintiff's claims to an analysis under *Heck v. Humphrey*, 512 U.S. 477 (1994), "it is appropriate for the district court to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible."[9] With regard to Plaintiff's claims against defendant prosecutor Greg Miller, he is entitled to absolute immunity. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[10] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[11] Here, Miller's involvement, if any, in the charges filed against Cuauhtli, and the prosecution of same, stem from his role

---

(5th Cir.1985))(*quoting Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985)). In *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir.1982), we held that "mere conclusory allegations of conspiracy cannot, absent reference to material facts," state a substantial claim of federal conspiracy under 42 U.S.C. § 1983. Moreover, "a lengthy line of decisions in our court, ... holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale*, 786 F.2d 690-91 (citing *Sawyer v. Overton*, 595 F.2d 252 (1979) and *Kimball v. The Florida Bar*, 632 F.2d 1283 (1980)).

[9]*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994).

[10]*Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[11]*Imbler,* 424 U.S. at 431 n.33.

4

as an assistant district attorney. That Cuauhtli alleges Miller engaged in a conspiracy does not vitiate Miller's immunity from suit.[12] As defendant Miller is entitled to absolute prosecutorial immunity, Plaintiff's claims against him must be dismissed under the authority of 28 U.S.C.§ 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

With regard to the remainder of Plaintiff's claims, and in the alternative as to the defendants already subject to dismissal for other reasons, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking monetary damages for alleged violations of his constitutional rights arising from his convictions in Criminal District Court Number 3, Tarrant County, Texas. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] As in *Heck*, Plaintiff's challenges,

---

[12]*See generally Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986)(en banc)("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors"); *Smith v. City of New Orleans,* No. Civ.A. No.95-0821, 1996 WL 39424, at *3 (E.D.La. Jan. 30, 1996)("The Court has already determined that the underlying acts were protected by absolute immunity; mere allegations that defendants performed those acts in the course of a conspiracy will not be sufficient to avoid absolute immunity"), *citing Holloway v. Walker,* 765 F.2d 517, 522 (5th Cir.), *cert. den'd,* 474 U.S. 1037 (1985).

[13]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

5

if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. To the contrary, Plaintiff acknowledged that he has not filed any other lawsuits in state or federal court relating to his imprisonment. (Compl.; ¶ I(A)). Thus, Plaintiff remains in custody and has not shown that his convictions have been invalidated by a state or federal court. As a result, Plaintiff's remaining claims for monetary damages are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]

All of Plaintiff's claims against James E. King and Kathy Lowthorp are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

All of Plaintiff's claims against Greg Miller are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively, pursuant to 28 U.S.C.§ 1915(e) (2)(B)(iii).

All of Plaintiff's remaining claims[15] are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1)

---

[14]*See Heck*, 512 U.S. at 487-88.

[15]And, in the alternative, all claims against the defendants already dismissed for other reasons.

and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[16]

SIGNED August 24, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[16]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

7